# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**ROBERT DWAYNE HOPPER,**<br><br>　　　　　　　　　　　Debtor. | **Bankruptcy Case<br>No. 19-20510-JMM** |
| **FORD ELSAESSER,**<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>**TIM HOPPER,**<br><br>　　　　　　　　Defendant. | **Adversary Proceeding<br>No. 20-07008-JMM** |

## MEMORANDUM OF DECISION

Appearances:

　　Tim Hopper, Post Falls, Idaho, Defendant pro se.

　　Daniel Matthew Keyes, JAMES, VERNON & WEEKS, P.A., Coeur d'Alene, Idaho, attorney for Plaintiff.

### *Introduction*

　　Before the Court is Plaintiff's Request for Judicial Notice, filed November 10, 2021 ("Request"). Dkt. No. 38. Two days later, on November 12, 2021, the above-

MEMORANDUM OF DECISION − 1

captioned adversary proceeding came before the Court so that trial in the matter could be concluded.[1] Although the trial did not take place as scheduled on November 12, 2021, Plaintiff sought a ruling on the Request at that time. Defendant did not oppose the Request; nevertheless, the Court took the issue under advisement and now renders this decision.

## Facts

The Request asks the Court to take judicial notice of a document entitled "Application for Informal Appointment of an Administrator in Intestacy" ("Application"). Dkt. No. 38 at Ex. A. The Plaintiff attached a copy of the Application to the Request. *Id.* The Application is signed by the attorney who drafted it and verified by the applicant, Tim Hopper, the defendant in this adversary proceeding. The Application was filed on January 12, 2011 in the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone, in an action entitled "In the Matter of the Estate of Robert Dwayne Hopper, Dec'd., Case No. CV-11-12." ("Probate Case").

/ / / / /

---

[1] Trial in this matter was originally set for June 15, 2021. Dkt. No. 17. On that date, Plaintiff put on evidence, after which the remainder of the trial was continued to September 28, 2021. Dkt. No. 25. On that date, the trial was continued to October 19, 2021, at the request of the parties, for reasons that included enabling the Defendant to obtain counsel. The October 19, 2021 trial date was continued to November 12, 2021 due to health concerns of the Defendant.

MEMORANDUM OF DECISION − 2

*Applicable Law*

The issue before the Court is whether it ought to take judicial notice of the Application. Judicial notice is governed by Fed. R. Evid. 201, which provides in relevant part:

> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Thus, Rule 201 allows a court to take judicial notice of facts that are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

"Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact. Courts can properly notice prior judicial acts for the purpose of acting upon them," such as using "judicial records in ruling on a claim that the present case is barred or controlled by res judicata." 21B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 5106.4 (2d ed. 2012). Moreover, judicial records "may sometimes be properly noticed to show the acts of the parties or other actors in the litigation; e.g., that a complaint was filed, that return of service was made, or that stipulations were entered into." *Id.*

MEMORANDUM OF DECISION − 3

Thus, while it is well-established that a court may take judicial notice of its own records, *Credit Alliance Corp. v. Idaho Asphalt Supply, Inc. (In re Blumer)*, 95 B.R. 143, 146 (9th Cir. BAP 1988) (citing *United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980)), this does not mean that a court in one case may take judicial notice of the *truth* of judicial findings of fact in another case. *Amponsah v. Lynch*, 627 F. App'x 592, 595 (9th Cir. 2015) (emphasis added); *see also Liberty mut. Ins. Co. v. Rotches Pork Packers, Inc.,* 969 F.2d 1384, 1389 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'").

In addressing a request for judicial notice of attachments to a stay relief motion, Judge Terry L. Myers of the Idaho bankruptcy similarly observed:

> Judicial notice of the record in the main bankruptcy case allows the Court to establish that a filing occurred and on what date—should that limited information be relevant to the matters at hand. *See Wisdom v. Gugino (In re Wisdom)*, 2016 WL 1039694, at *3 n.7 (Bankr. D. Idaho March 15, 2016). But [Fed. R. Evid.] 201 does not allow the Court to "take notice of" (*i.e.*, give evidentiary weight to) what is asserted <u>within</u> such documents. *Id.*; *see also, Credit All. Corp. v. Idaho Asphalt Supply Inc.*, 95 B.R. 143, 146–47 (9th Cir. BAP 1988) (notice of the existence of the documents filed in the Court's record does not establish the truth of the facts contained in any particular document).

*In re Leatham,* No. 16-00487-TLM, 2017 WL 3704512, at *2 (Bankr. D. Idaho Aug. 24, 2017) (emphasis in original).

MEMORANDUM OF DECISION − 4

## *Analysis and Decision*

Based on the foregoing, the Court has little difficulty in concluding that it may take judicial notice of the fact that there is a Probate Case and that the Application was filed in that Probate Case on January 12, 2011.  The bigger issue, however, is whether it can give any evidentiary weight to the contents of that Application, which is what the Plaintiff desires.  The Court concludes that it cannot. But that is not where the inquiry ends, as some of the information contained in the Application was introduced into the Court's record via an oral stipulation.

At the continued trial on November 12, 2021, Tim Hopper stated that he had severe medical issues which prevented him from proceeding with trial on that day without the benefit of counsel.  This representation by Tim Hopper eventually convinced the Court to continue the trial to permit him to obtain counsel.[2]  During the hearing, however, he had little difficulty stipulating that his father had died without a will, that there is a probate case pending, and that there are three children of the decedent.  Those three children are Tom Hopper, Tim Hopper, and Robert Hopper (the Debtor in the underlying bankruptcy case).  While the Court would normally be concerned with Tim Hopper's stipulation of facts on account of his disclosed medical condition, those stated

---

[2] On numerous occasions in this adversary proceeding Tim Hopper has asked for more time to secure counsel.  For example, on September 23, 2020 the Court continued a pretrial hearing to October 21, 2020 to accommodate Tim Hopper's request for more time to locate counsel.  Minutes, Dkt. No. 15.  The trial commenced on June 15, 2021 and, after two witnesses testified, the plaintiff and defendant agreed to a continuance of the trial to September 28, 2021.  Minutes, Dkt. No. 25.  One of the stated reasons for the continuance was to permit Tim Hopper to obtain counsel.

MEMORANDUM OF DECISION – 5

facts are entirely consistent with admissions he made at the commencement of the case when he filed his answer on July 20, 2021. Dkt No. 9. In that Answer, Tim Hopper admitted, without qualification, the following facts alleged in the Plaintiff's Complaint:

> 4. Robert Dwayne Hopper (hereinafter referred to as "HOPPER, Sr.") passed away on January 4, 2011, at the age of 71.
>
> 5. HOPPER, Sr. was survived by his three (3) sons Tom, Tim, and Bob.
>
> 6. On January 14, 2011, Tim Hopper was appointed as the personal representative of his father's estate in Shoshone County Case No. CV-2011-12. …
>
> 8. Debtor Robert Dwayne Hopper (hereinafter referred to as "HOPPER, Jr.") is one of those three (3) heirs. …

(Adversary Complaint, Dkt No. 1 at ¶¶ 4, 5, 6, and 8; Answer, Dkt. No. 9 at ¶¶ 4, 5, 6 and 8.

### *Conclusion*

While the Court cannot take judicial notice of the contents of the Application under Fed. R. Evid. 201, the evidentiary record is clear that the Defendant has stipulated that Debtor's father died without a will, that there is a probate case pending, and that there are three children. Those three children are Tom Hopper, Tim Hopper, and debtor Robert Hopper. The Plaintiff's Request for judicial notice is therefore granted in part and denied in part. The Court will take judicial notice of the filing of the Application, the date it was filed, the case and court in which it was filed, and the parties thereto. The

MEMORANDUM OF DECISION − 6

balance of the Application is not subject to judicial notice. However, the evidentiary record before this Court already contains the additional facts described herein.

    A separate order will be entered.



DATED: November 16, 2021

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION − 7